## MURPHY v. SHEPARD.

TAXES:    *Assessor's failure to take official oath.*

Although an Assessor fails to take the general oath of office required by law, he is
an officer *de facto* and his acts are valid when questioned collaterally.

APPEAL from *Desha* Circuit Court.

JOHN A. WILLIAMS, Judge.

Murphy v. Shepard.

This was a proceeding in chancery to enforce the collection of a levee tax assessed upon the defendant's lands, in accordance with the provisions of an act entitled, "An act to provide for building and repairing the public levees of this State," approved March 20th, 1879. The statute provides for the election of certain directors of levees, and assessors, and that they shall, before entering upon the discharge of their duties, take and subscribe to the oath required by section 20, article 19 of the Constitution of this State, which is the general oath of office prescribed for all State and County officers. The defendant demurred to the complaint, stating as one of his grounds of objection thereto, that it contains no averment that the directors and assessors "took and subscribed the oath of office prior to entering upon the discharge of their duties." * * * The demurrer was overruled and on the trial the court excluded evidence offered by the defendant to show that the directors and assessors did not qualify, as required by law. The decree was for the plaintiffs, and the defendant appealed.

*James Murphy*, for appellant.

1. The assessors did not take the oath prescribed by section 17 of the *act March 20, 1879, Acts, p. 117.* They never qualified *at all* as required by law, and the assessment was invalid. See *2 Greenl., 218; 9 N. H., 491; 1 Foster, 400; 13 S. & R., 208; 1 Bush., 259; 21 Ark., 581; 25 N. W. Rep., 13; 49 Wisc., 291; 71 N. Y., 309; 27 Am. Rep., 47; 10 Atl. Rep., 451; 3 N. W. Rep., 382; 18 How., 137; 30 Me., 319; 2 Vt., 218; 12 id., 674; 15 Me., 29; 3 Greenl., 227; 4 id., 72; 20 Me., 199; 2 Mich. (Gebbs), 498.*

*X. J. Pindall*, for appellee.

1. The assessors were officers *de facto*, and their acts cannot be attacked collaterally. *22 Ark., 559; 43 id., 243; Mansf. Dig., sec. 4389; 25 Ark., 336; 32 id., 666.*

2. This is not a proceeding against a *de facto* officer, but a proceeding concerning a third person. *38 Ark., 336.*

Webb v. Arnold.

PER CURIAM. An assessor who fails to take the general
oath of office required by the law, is an officer *de facto*, and his
acts are valid when questioned collaterally. *Moore v. Turner,
43 Ark., 243; Twombly v. Kimbrough, 24 ib., 474; Equalization
Board v. Landowners, etc., 51 ib., 516; Cooley Taxation (2 ed.),
pp. 253–6.*

Affirm.