CITY OF CROSSETT, Arkansas *v.* W.P. "Billy" SWITZER, James M. Barker, Samuel B. Pope, and Teresa Thurman

90-53                                                    788 S.W.2d 738

Supreme Court of Arkansas
Opinion delivered May 14, 1990

*Arnold, Hamilton & Streetman*, by: *Thomas S. Streetman*, City Attorney, for appellant.

*Cross, Kearney & McKissic*, by: *Garry J. Corrothers* and *Gene E. McKissic*, for appellee Teresa Thurman.

JACK HOLT, JR., Chief Justice. This is an appeal from a judgment declaring that appellees, Samuel B. Pope and James M. Barker, were not legally qualified to serve as Special Crossett Municipal Judge. We find no error and affirm.

On November 21, 1989, appellee, Teresa Thurman, Crossett Municipal Court Clerk, was indicted for tampering with evidence, and appellee, W.P. "Billy" Switzer, Crossett Municipal Judge, was indicted for bribery and hindering apprehension of prosecution.

On December 5, 1989, Judge Switzer sent a letter to the Mayor of Crossett announcing his intention to take a leave of absence from the bench pending the disposition of criminal charges against him and disclosing his appointment of James M. Barker, a resident of Hamburg, as his replacement. On December 6, Switzer entered an order appointing Barker as special municipal judge. However, Barker was not sworn in.

On December 11, Barker entered an order relieving Teresa Thurman of her duties as municipal court clerk. On the same day, Switzer entered another order nullifying his previous order and appointing Samuel B. Pope, who resides near Hamburg, to replace Barker as special municipal judge.

Appellant, the City of Crossett, then filed suit in circuit court against Barker, Pope, Thurman, and Switzer, asking for a judgment declaring the legal effect of both Switzer's order, which removed Barker and appointed Pope as special municipal judge, and Barker's order, which relieved Thurman of her duties as clerk.

At trial, the parties stipulated that Barker had never taken an oath of office and that Pope received his oath of office from Thurman, the municipal court clerk. However, the court later received testimony from both Aimee Stanley, deputy clerk, and Pope that Pope was administered his oath of office from Switzer on December 11. During examination by the trial court, Pope testified that, upon reflection, he thought Thurman administered the oath to him instead of Switzer.

In its findings of fact, the trial court found that neither Barker nor Pope had been a resident of Crossett at any time prior to or since December 11, 1989, and that a municipal judge is required by Ark. Code Ann. § 16-17-209(a) (1987) to be an elector of the judicial subdivision where the court sits and, therefore, they could not legally hold the office of special municipal judge. The court also found that Barker failed to legally qualify for appointment to office since he did not take an oath of office and, therefore, his order of December 11 was void; that Pope was administered the oath of office by Thurman, the municipal court clerk; and inasmuch as the clerk of a municipal court is not an official legally qualified under Ark. Code Ann. § 21-2-105 (1987) to administer such oaths, Pope also failed to

legally qualify for appointment.

The court entered judgment in accordance with these findings, concluding that neither Pope nor Barker was qualified to serve as Special Crossett Municipal Judge.

From this order, the City of Crossett appeals, contending that the trial court erred in finding that Pope received his only oath of office from Teresa Thurman; in ruling, as a matter of law, that the Crossett Municipal Court Clerk was not authorized to administer the oath of office to Pope; and in ruling that Pope and Barker were not legally qualified to be the Special Crossett Municipal Judge on the basis that the judge must be an elector of the City of Crossett. Appellant does not challenge the trial court's conclusion that Barker was not legally qualified to be the special municipal judge since he was not administered an oath of office.

We quickly dispose of appellant's argument that the trial court erred in finding that Pope received his only oath of office from Teresa Thurman. Where a trial court is sitting without a jury, we do not reverse its findings of fact unless they are clearly erroneous. *Jernigan* v. *Cash*, 298 Ark. 347, 767 S.W,2d 517 (1989). In light of the parties' stipulation that Pope's oath was given by Thurman and Pope's testimony that he thought Thurman, not Switzer, gave him the oath of office, we conclude that the trial court's finding was not clearly erroneous.

The appellant also asserts that the court erred in ruling, as a matter of law, that the Crossett Municipal Court Clerk was not authorized to administer the oath of office to Pope. We disagree.

Section 21-2-105(a)(3) provides that all officers except the Governor, the Justices of the Supreme Court, judges of the circuit courts, Secretary of State, Treasurer of State, and Auditor of State shall take their oaths of office before the Secretary of State or his official designee, any justice or judge, clerk of the county court, clerk of the circuit court, or justice of the peace.

Arkansas Code Ann. § 16-17-211 (1987) merely states that the municipal court clerk shall "administer oaths."

Although a municipal court clerk can administer oaths under section 16-17-211, section 21-2-105(a)(3) dictates that a municipal judge can only receive his oath of office from certain

designated persons, who do not include a municipal court clerk. Accordingly, the trial court was correct in concluding that the Crossett Municipal Clerk was not qualified by statute to give the oath of office to Pope and, therefore, that Pope was not legally qualified to be the Special Crossett Municipal Judge.

Based upon the foregoing, it is clear that the trial court correctly ruled that Barker was not legally qualified to serve as special municipal judge in that he was not administered an oath of office and that Pope was not legally qualified in that he was not given an oath of office from an individual legally qualified to administer an oath. We affirm the trial court as neither party was legally qualified to serve as judge.

Consequently, we do not reach the issue of whether the court erred in ruling that Pope and Barker were not legally qualified to be the special municipal judge on the basis that the judge must be an elector of the City of Crossett. To do so would be to render an advisory opinion.

Affirmed.