SLIP OPINION

Cite as 2015 Ark. 240

# SUPREME COURT OF ARKANSAS

No. CR-14-529

| | | |
|---|---|---|
| DESMOND EVANS | APPELLANT | **Opinion Delivered** May 28, 2015 |
| V. | | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CR 11-545] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| | | AFFIRMED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

A jury empaneled in the Union County Circuit Court found appellant Desmond Evans guilty of capital murder in connection with the death of a toddler in his care. The circuit court sentenced Evans to a term of life in prison without parole. For reversal, Evans alleges that the circuit court erred (1) in failing to instruct the jury on the lesser-included offenses of first- and second-degree murder; (2) in admitting certain autopsy photographs; and (3) in admitting a letter Evans wrote and attempted to send from the jail. We affirm Evans's conviction and sentence.

Evans's conviction stems from the death of twenty-one-month-old Cheris Samuels while she was in Evans's care. According to the evidence presented at trial, Evans was in a relationship with Cheris's mother, Josie Payne. Evans, Payne, and her two children lived together in the home of Evans's grandparents, along with other members of Evans's family. On August 9, 2011, Payne left the house at approximately 6:30 p.m. to attend an anger-

management workshop and Cheris remained at the house with Evans. Payne returned home around 8:30 p.m., and Evans told her that Cheris was asleep on the sofa. Some thirty minutes later, Evans called for Payne and told her that a liquid was coming out of Cheris's mouth. Upon inspecting the child, they discovered that she was not breathing and that her eyes, lips, and face were blue. Evans telephoned 911, and paramedics, Jill Goodwin and Seth Rainwater, responded to the call. According to their trial testimony, when they arrived, they found Cheris on the kitchen floor. She was unresponsive and had no heartbeat. The paramedics attempted to resuscitate her, but they were unsuccessful. Later, she was pronounced dead at the hospital. Dr. Daniel Dye, an associate medical examiner for the State of Arkansas, testified that Cheris died from multiple strikes to her head with a blunt object. He stated that the head injuries caused bleeding within the brain, which eventually resulted in her death.

At trial, the State introduced an unsigned letter that the Union County Sheriff's office had confiscated from the Union County jail while Evans was there awaiting trial. Union County Sheriff Deputy Paul Kugler stated that the letter was placed in the outgoing mail for the Union County jail, but that it could not be mailed because there was no return address or return name on it.[1] Kugler testified that when he opened the letter to ascertain whether it was safe to shred, he discovered that the letter solicited the intended recipient to write a letter claiming responsibility for the child's death as the result of an accident. Evans testified

---

[1]The record reflects that the envelope did contain a return address but was missing a return name.

SLIP OPINION

at trial and admitted that he had authored the letter.

At the conclusion of the trial, the jury found Evans guilty of capital murder, and the court sentenced him to life in prison without parole. From that verdict, Evans filed this appeal.

For his first point, Evans argues that the circuit court abused its discretion in failing to instruct the jury on the lesser-included offenses of first- and second-degree murder. According to Evans, the circuit court improperly ruled that he raised a defense of absolute innocence, which barred submission of lesser-included offenses to the jury. The State contends that Evans failed to preserve this argument for appeal because he agreed that his defense was that of absolute innocence and because he failed to proffer an instruction on first- or second-degree murder.

We hold that this issue is not preserved for our review. This court has long held that to preserve an objection to the circuit court's failure to give an instruction, the appellant must make a proffer of the proposed instruction to the judge. *See, e.g.*, *Fincham v. State*, 2013 Ark. 204, 427 S.W.3d 643; *Stewart v. State*, 316 Ark. 153, 870 S.W.2d 752 (1994). Because Evans failed to proffer an instruction for any lesser-included offense, this issue is not preserved for our review.

Evans's second point on appeal is that the circuit court erred in admitting certain photographs of Cheris's brain that were taken during the autopsy. Evans argues that the prejudicial effect of the photos outweighed any probative value and that, accordingly, the circuit court should have excluded them. The State responds that the photographs were

3

necessary to explain the cause of death and were properly admitted.

We have held that the admission of photographs is a matter left to the sound discretion of the circuit court, and we will not reverse absent an abuse of that discretion. *Airsman v. State*, 2014 Ark. 500, 451 S.W.3d 565. When photographs are helpful to explain testimony, they are ordinarily admissible. *Id.* Moreover, the mere fact that a photograph is inflammatory or cumulative is not, standing alone, sufficient reason to exclude it. *Lard v. State*, 2014 Ark. 1, 431 S.W.3d 249. Even the most gruesome photographs may be admissible if they assist the trier of fact in any of the following ways: (1) by shedding light on some issue; (2) by proving a necessary element of the case; (3) by enabling a witness to testify more effectively; (4) by corroborating testimony; or (5) by enabling jurors to better understand the testimony. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. Other acceptable purposes include showing the condition of the victim's body, the probable type or location of the injuries, and the position in which the body was discovered. *Id.*

In this case, Evans challenges photographs of Cheris's brain that illustrated the internal bleeding that ultimately caused her death. Evans argues that the medical examiner could have described the internal injuries rather than show the jury the photographs of the brain. Evans's argument is not convincing. As noted above, we have held that the mere fact that a photograph is inflammatory or gruesome is not sufficient reason to exclude it if the photograph serves a valid purpose. Evans makes no argument that the challenged photographs did not serve a valid purpose; indeed, the testimony at trial indicates that they were relevant to show the cause of death. The medical examiner, Dr. Dye, testified that the photographs

SLIP OPINION

of the brain assisted him in reaching his conclusion that Cheris died from bleeding in her brain. Accordingly, the photographs advanced the purposes of corroborating and helping the jurors better understand Dye's testimony, as well as showing the probable type and location of Cheris's fatal injuries. The circuit court did not abuse its discretion in admitting the photographs, and we affirm its decision on this point.

Evans's final issue on appeal is that the circuit court erred in admitting the letter he had written from the Union County jail. Evans argues that the State did not timely disclose this letter to him and that, accordingly, the circuit court should have suppressed it. The State responds that Evans is precluded from raising this argument on appeal because Evans sought and received a continuance and did not object further to the new trial date.

We concur that Evans is precluded from challenging the admission of the letter based on the timing of its production because he acquiesced to the circuit court's decision on this matter. The record reflects that the State first apprised Evans and the circuit court of the letter on September 4, 2012, at a pretrial hearing. Evans objected to the letter, arguing that it changed his defense strategy for the case, and he requested either the exclusion of the letter or a continuance of the upcoming trial. Counsel for Evans stated, "If the Court decides not to exclude it then the reason I'm asking for an exclusion is because I don't have the time to deal with it." The circuit court then inquired, "So if I grant your continuance then you don't have an exclusion issue?" Counsel for Evans replied, "I don't have an exclusion issue." The court then proceeded to reschedule the trial for a later date, and counsel for Evans stated, "That week is good for me, Your Honor." Our caselaw is clear that a defendant cannot agree

with a trial court's ruling and then attack the ruling on appeal. *Williams v. State*, 374 Ark. 282, 287 S.W.3d 559 (2008). Because Evans received the continuance he requested in lieu of suppression and then agreed to the new date set for the trial, he may not challenge this ruling on appeal.

In compliance with Arkansas Supreme Court Rule 4–3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant. From this review, no prejudicial error has been found.

Affirmed.

*Rickey H. Hicks*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.