SLIP OPINION

Cite as 2015 Ark. 359

# SUPREME COURT OF ARKANSAS

No. CR-15-273

| | |
|---|---|
| TEVARIUS TEVON GREEN<br>APPELLANT | Opinion Delivered October 8, 2015 |
| V. | APPEAL FROM THE MISSISSIPPI<br>COUNTY CIRCUIT COURT<br>[NO. CR-14-251] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CINDY THYER,<br>JUDGE |
| | AFFIRMED. |

## HOWARD W. BRILL, Chief Justice

Appellant Tevarius Tevon Green appeals an order of the Mississippi County Circuit Court convicting him of capital murder and sentencing him to life imprisonment without the possibility of parole. For reversal, Green argues that the circuit court abused its discretion by admitting into evidence a photograph of the victim at the crime scene. Because this is a criminal appeal in which life imprisonment without parole has been imposed, this court has jurisdiction pursuant to Arkansas Supreme Court Rule 1-2(a)(2) (2015). We affirm.

On July 7, 2013, at approximately 8:30 p.m., Blytheville Police Department Officer Jeff Culp arrived at 524 East Cherry Street in Blytheville after receiving a possible homicide call. He and other officers met an individual at the scene who advised them that someone had died inside the residence. Officer Culp attempted to gain access to the residence, looked inside a bedroom window, and saw a white male lying face-down on a bed. Once inside the home, the officers discovered a padlock on the bedroom door and forced entry into the

bedroom where they discovered the deceased victim, Daniel Goodwin, Jr.

Sergeant Earnest Frye of the Blytheville Police Department testified that, upon entering the room, he saw a young white male lying across the bed face-down with a plastic bag duct-taped around his head. Sergeant Frye stated that the victim appeared to have been playing a video game because cords and game controllers were strewn on the floor. Sergeant Frye testified that the victim's pockets had been turned out and that blankets had been placed on top of him.

Manual Jones stated that he arrived at the residence around 3:00 p.m. on the afternoon of July 7, 2013. Jones observed the victim playing video games, and a friend, nicknamed Shorty Mac, checking Facebook on a computer. Jones also noticed Green walking around the house. Jones stated that, while checking his phone, he heard one gunshot and then saw Green exit the bedroom holding a gun in his hand. Green turned to Jones and asked, "Are we straight?" Jones stated, "I told him I was straight. I was like, yeah, I'm good." According to Jones, Green then sat down, ate, talked for a short time, and left the residence.

United States Marshals apprehended Green in Elkhart, Indiana, where Blytheville police officers later interviewed and arrested him. On December 8, 2014, the State filed an amended felony information charging Green as a habitual offender with capital murder and possession of a firearm. On December 16–17, 2014, the case proceeded to trial, and the jury convicted Green of capital murder and sentenced him to life imprisonment without the possibility of parole.[1] On December 17, 2014, the circuit court entered an order reflecting

---

[1] The State nolle prossed Green's possession charge.

the jury's conviction and sentence. Green timely filed his notice of appeal.

For his sole point on appeal, Green argues that the circuit court abused its discretion in admitting State's Exhibit No. 9, a crime-scene photograph of the victim's body as he was found by police. Green asserts that the photograph should have been excluded, pursuant to Arkansas Rule of Evidence 403 (2015), because it was unduly gruesome and was more prejudicial than probative in value. The State responds that the circuit court properly overruled Green's objection to State's Exhibit No. 9. Alternatively, the State contends that any error in admitting Exhibit No. 9 was harmless.

We have held that the admission of photographs is a matter left to the sound discretion of the circuit court, and we will not reverse absent an abuse of that discretion. *Evans v. State*, 2015 Ark. 240, 464 S.W.3d 916. When photographs are helpful to explain testimony, they are ordinarily admissible. *Id*. The mere fact that a photograph is inflammatory or cumulative is not, standing alone, sufficient reason to exclude it. *Id*. Even the most gruesome photographs may be admissible if they assist the trier of fact in any of the following ways: (1) by shedding light on some issue; (2) by proving a necessary element of the case; (3) by enabling a witness to testify more effectively; (4) by corroborating testimony; or (5) by enabling jurors to better understand the testimony. *Id*. Other acceptable purposes include showing the condition of the victim's body, the probable type or location of the injuries, and the position in which the body was discovered. *Id*.

This court rejects the admission of inflammatory pictures when claims of relevance are tenuous and prejudice is great and expects the trial court to carefully weigh the probative

value of photographs against their prejudicial nature. *Camargo v. State*, 327 Ark. 631, 940 S.W.2d 464 (1997). We require the trial court to first consider whether such evidence, although relevant, creates a danger of unfair prejudice, and then to determine whether the danger of unfair prejudice substantially outweighs its probative value. *Id.* Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403.

We turn to the present case. During Sergeant Frye's testimony, the State sought to introduce a series of photographs depicting the victim as the officers found him at the scene. The circuit court conducted a bench conference during which Green's counsel argued that State's Exhibit No. 9 was unduly gruesome and more prejudicial than probative. The State responded that the photograph depicted the position of the victim's body, particularly his right hand, which indicated that he had been playing video games at the time of his death. The State asserted that the photograph revealed a closer view of the victim's head with the plastic bag, but, with little blood shown, the photograph was not prejudicial. The circuit court issued its ruling as follows:

> What is indicated as State's Exhibit No. 9 — proposed Exhibit No. 9 actually give more detail than what is reflected in either [Exhibit No. 7 or Exhibit No. 8] — in either of the previous photographs that were introduced. The other ones really show him looking back up toward his head, and this gives a view of his arms and the position of his body and the injury. Well, what's — I suppose the blood from the injury is seen. The law indicates that just because it is gruesome in of itself is not a basis for it to be excluded. Certainly, the court would not entertain duplicative photographs of the same scene, but I do not believe this photograph is a duplicate of the previous two that have been introduced, and I'm referring to 7 and 8. So . . . I will note [the] objection but will receive No. 9 over that objection.

Once the circuit court admitted the photograph into evidence, Sergeant Frye testified that he took the picture and that it showed "a full shot of [the victim] laying across the bed with his arms forward. . . . [The jury will] see, the bag, and he had a blanket thrown over him."

Here, the photograph corroborated Sergeant Frye's testimony about the victim's state and enabled the jurors to better understand his testimony about the crime scene. *See Evans*, 2015 Ark. 240, 464 S.W.3d 916. Specifically, as the circuit court noted, the photograph assisted the trier of fact by showing the condition of the victim's body, the location of the victim's injury, and the position in which the body of the victim was discovered. Thus, we hold that the circuit court did not abuse its discretion in admitting State's Exhibit No. 9.

This case involves a sentence of life imprisonment without parole; therefore, it is subject to review under Arkansas Supreme Court Rule 4–3(i). As required by Rule 4–3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Green, and no prejudicial error has been found.

Affirmed.

*John H. Bradley*, Chief Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.