Cite as 2020 Ark. 155

# SUPREME COURT OF ARKANSAS

No. CV-19-56

| | |
|---|---|
| ROLANDIS CHATMON | **Opinion Delivered:** April 23, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| V. | LINCOLN COUNTY CIRCUIT |
| | COURT; MOTION FOR JUDICIAL |
| | NOTICE OF VOID JUDGMENT AND |
| WENDY KELLEY, DIRECTOR, | NOTICE TO THE COURT [NO. |
| ARKANSAS DEPARTMENT OF | 40CV-18-150] |
| CORRECTION | |
| APPELLEE | HONORABLE JODI RAINES |
| | DENNIS, JUDGE |
| | |
| | AFFIRMED; MOTIONS DENIED. |

**JOSEPHINE LINKER HART, Justice**

Rolandis Chatmon appeals the Lincoln County Circuit Court's denial of his pro se petition to proceed in forma pauperis. The circuit court found that Chatmon failed to state a colorable cause of action in a petition for writ of habeas corpus. On appeal, Chatmon argues that the circuit court erred in finding that the grounds asserted in his petition are not cognizable in a habeas proceeding.

After briefing was completed in this case, but before it was submitted, Chatmon filed two motions. The first, filed December 3, 2019, styled "Judicial Notice of a Void Judgment," asked this court to take judicial notice of three documents attached to his habeas petition. The second, filed February 27, 2020, styled "Notice to the Court," attempts to bolster the grounds asserted in his habeas petition.

## I. *Motions*

We first deny Chatmon's motions. Neither motion is cognizable under our rules. The December 3 motion purports to rely on Rule 201 of the Arkansas Rules of Evidence, which is inappropriate, and unnecessary because, on appeal, we are limited to the material contained in the circuit court record. The February 27, 2020 motion is likewise not cognizable under our rules. It attempts to introduce additional factual and legal support for his habeas petition that was not first raised to the circuit court.

## II. *Denial of the In Forma Pauperis Petition*

Chatmon was found guilty by a Faulkner County Circuit Court jury of three counts of aggravated robbery and one count of theft of property. He was sentenced as a habitual offender with a firearm enhancement to a total term of three life sentences plus 360 months' imprisonment, to be served consecutively. We affirmed. *Chatmon v. State*, 2015 Ark. 28, 467 S.W.3d 731. Chatmon filed his habeas petition in the county in which he is incarcerated.

In his petition, he alleged that the trial court lacked jurisdiction because circuit judge Michael Maggio presided over the trial in violation of amendment 29, section 2 of the Arkansas Constitution. Amendment 29, section 2 prohibits a person who is appointed to a vacancy in a division of a circuit court to succeed himself or herself. Chatmon alleged that Judge Maggio was elected to the same judicial position that he had held as an appointment to fill a vacancy, and therefore, he did not have the authority to preside over his criminal trial. In denying Chatmon's habeas petition, the circuit court found that his

habeas petition alleged that "the trial court lacked jurisdiction in that he was a usurper of office, lacked authority, and held title by trespass." It concluded that "[p]etitioner's allegations are not cognizable in habeas [and therefore] no colorable cause of action has been presented."

On appeal, Chatmon argues that the circuit court erred in finding that he failed to assert a colorable cause of action in his habeas petition. Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion. *Muldrow v. Kelley*, 2018 Ark. 126, 542 S.W.3d 856. The circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. *Id.*

We hold that the circuit court did not abuse its discretion by denying Chatmon's in forma pauperis petition. A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Morgan v. Kelley*, 2019 Ark. 189, 575 S.W.3d 108. Chatmon has not asserted a colorable cause of action.

In his habeas petition, Chatmon raised the same issue that he raised to this court in a recent petition to reinvest jurisdiction in the trial court to consider a petition for a writ of error coram nobis. *Chatmon v. State*, 2019 Ark. 112. In denying his petition, we rejected his allegation that Judge Maggio had "usurped" the power of a circuit judge when he presided over his trial. We noted that Judge Maggio was appointed to serve in Division 4 in the Twentieth Judicial Circuit and was subsequently elected to Division 2 of the same judicial circuit. Accordingly, when "a person who runs as a candidate for circuit judge in a division

3

of a judicial circuit, who was appointed in the previous term to serve out a vacancy in another division of the same judicial circuit, is not succeeding himself or herself in violation of amendment 29, section 2, if elected." *Id.* at 4 (citing *Brewer v. Fergus*, 348 Ark. 577, 79 S.W.3d 831 (2002)). For the same reasons, we affirm the circuit court's decision in this case.

Affirmed; motions denied.

WOOD and WOMACK, JJ., concur without opinion.

*Rolandis L. Chatmon*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.