Cite as 2022 Ark. 157

# SUPREME COURT OF ARKANSAS
No. CV-22-209

| | |
|---|---|
| TEVARIUS GREEN | Opinion Delivered: September 22, 2022 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CV-22-1] |
| V. | |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Tevarius Green appeals the dismissal of his pro se petition for writ of

habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016)

in Lincoln County, which is the county where he is incarcerated. Green contended in his

petition filed in the circuit court and in his argument on appeal that his conviction is illegal

because he was not tried within the required speedy-trial provisions of the Interstate

Agreement on Detainers Act (IAD), codified at Arkansas Code Annotated section 16-95-101

(Repl. 2006).[1] The circuit court dismissed Green's petition for writ of habeas corpus,

---

[1]The IAD is a compact among forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. *State v. Higginbotham*, 2020 Ark. 315, 612 S.W.3d 164. The purpose of the IAD is to encourage expeditious disposition of outstanding charges and a determination of the status of detainers based on untried informations. *Id.*

concluding that he failed to demonstrate he was illegally detained. Because we find that Green's claim does not fall within the purview of habeas proceedings, we affirm.

## I. *Background*

In December 2014, a Mississippi County Circuit Court jury convicted Green of capital murder and sentenced him to life imprisonment without the possibility of parole. Green appealed, and we affirmed his conviction and sentence. *Green v. State*, 2015 Ark. 359, 471 S.W.3d 200.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id.* (citing

Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

## III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## IV. *Claim for Relief*

Green maintains that he is entitled to habeas relief because the speedy-trial provision of the IAD was violated. According to Green, he was not brought to trial within the required 180-day time frame as set forth in the IAD. *See* Ark. Code Ann. § 16-95-101 art. III. In essence, Green contends that he is entitled to habeas relief due to an alleged violation of a speedy-trial provision. Such claims are not within the purview of habeas proceedings because they are claims of trial error that do not implicate either the facial validity of the judgment

or the jurisdiction of the trial court. *Wade v. Payne*, 2021 Ark. 116, 623 S.W.3d 568. The circuit court did not clearly err when it dismissed Green's petition for habeas relief.

Affirmed.

*Tevarius Green*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.