Cite as 2023 Ark. 77

# SUPREME COURT OF ARKANSAS
No. CV-22-599

| | | |
|---|---|---|
| ROLANDIS CHATMON | | Opinion Delivered: May 11, 2023 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | | [NO. 40CV-22-55] |
| | | |
| DEXTER PAYNE, DIRECTOR, | | HONORABLE JODI RAINES DENNIS, JUDGE |
| ARKANSAS DEPARTMENT OF | | |
| CORRECTION | | |
| | APPELLEE | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Rolandis Chatmon appeals the Lincoln County Circuit Court's denial and dismissal of his pro se petition for writ of habeas corpus filed in the county where he is incarcerated pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). For reversal, Chatmon argues that the circuit court erred in denying his petition. We affirm.

## I. *Facts*

In 2013, a Faulkner County Circuit Court jury found Chatmon guilty of three counts of aggravated robbery and one count of theft of property. He was sentenced as a habitual offender with a firearm enhancement to three life sentences, plus 360 months' imprisonment, to be served consecutively. We affirmed in *Chatmon v. State*, 2015 Ark. 28, 467 S.W.3d 731.

On May 13, 2022, Chatmon filed a petition for writ of habeas corpus, alleging that his convictions were invalid because Michael Maggio, the circuit judge who presided over his trial, did not legally hold the position. Chatmon argued to the circuit court that Maggio was not authorized to act on behalf of the Twentieth Judicial District. The circuit court denied and dismissed the habeas petition, finding that Chatmon failed to offer evidence establishing probable cause that he was being illegally detained, the trial court lacked jurisdiction, or the commitment order was invalid on its face.

II. *Argument*

A. Writ of Habeas Corpus

Chatmon reasserts his arguments on appeal and challenges the circuit court's denial of his petition for writ of habeas corpus. A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the case. *Myers v. Payne*, 2022 Ark. 156, at 3. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Green v. Payne*, 2022 Ark. 157, at 2. When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* at 2.

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record

2

of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Kelley*, 2020 Ark. 290, 2–3. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416, at 5.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, at 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Green*, 2022 Ark. 157, at 3.

## B. Claims for Relief

Chatmon argues that the circuit court did not have jurisdiction because Maggio did not lawfully hold his office. First, Chatmon contends that Maggio was not authorized to act on behalf of the Twentieth Judicial District. Specifically, he contends that Maggio's admission to the Eighth Circuit Court of Appeals that he was not an agent of the State government clearly supports his claim that Maggio was not authorized to act on behalf of the judicial district or in the capacity of a circuit judge. In support, Chatmon cites *United States v. Maggio*, 862 F.3d 642, 646 (8th Cir. 2017), in which Maggio claimed that he was not an agent of the state government. The Eighth Circuit stated that the "claim that Maggio was not an agent of the state government was belied by his stipulation that he 'was an agent of the State of Arkansas and the Twentieth Judicial District.'" *Id.* at 646. It reasoned that it had

"no doubt that when a judge issues an order remitting a judgment in a case before him, he is acting in connection with the business of his court." *Id.* at 647. It further stated that "the relevant federally funded agency was the 'the State of Arkansas, Twentieth Judicial District, Second Division,' the judicial body on which Maggio sat." *Id.* Here, Chatmon's argument that Maggio lacked authority to enter the judgment in this matter is misplaced. Outside of Chatmon's self-serving assertion that Maggio's argument to the Eighth Circuit serves as proof that Maggio lacked authority to enter the judgment in this matter, Chatmon fails to demonstrate that the circuit court lacked jurisdiction to enter the judgment of conviction or that the judgment was invalid on its face.

Second, Chatmon claims that Maggio, having been appointed to the second division, was elected to that same division in violation of amendment 29, sections 1 and 2 of the Arkansas Constitution. We have held on two prior occasions that Maggio was appointed to serve in the Fourth Division of the Twentieth Judicial District and that he was subsequently elected to the Second Division of the same judicial circuit. *See Chatmon v. Kelley*, 2020 Ark. 155, 598 S.W.3d 34; *Chatmon v. State*, 2019 Ark. 112. Because Maggio did not succeed himself in violation of the Arkansas Constitution, Chatmon's argument is meritless.

In furtherance of his second argument, Chatmon also contends that this court's reliance on its 2001 administrative plan violated his Fourteenth Amendment due-process rights. In support of his argument, Chatmon cites Administrative Order No. 19 to access evidence from the Secretary of State. Notably, Administrative Order No. 19 applies only to court records and does not authorize access to information gathered, maintained, or stored

4

by a nonjudicial governmental agency or other entity. Chatmon implies that evidence is stored with the Arkansas Secretary of State and claims that it is the duty of this court and the appellee to retrieve the records at his behest because this court is "ultimately responsible for Maggio's actions[,]" as "this [c]ourt had the authority to remove him." Because Chatmon does not identify the evidence that he expects this court or the appellee to unearth regarding his claim, his argument fails.

Last, Chatmon argues that Maggio's duties were limited to juvenile matters. Citing Arkansas Code Annotated section 16-13-2803 (Supp. 2009),[1] Chatmon asserts that the second division in the Twentieth Judicial District is designated as the juvenile division and that Maggio's sole obligation was to preside over juvenile cases during his thirteen-year tenure, but he instead held the "office of judge[.]" Arkansas Code Annotated section 16-13-210 (Supp. 2005) provides, "Any circuit judge of this state, at any time while mentally and physically competent and physically present in the geographical area of the judicial circuit which he or she serves as the judge, may hear, adjudicate, or render any appropriate order with respect to any cause or matter pending in any circuit court over which he or she presides[.]" Notwithstanding whether Maggio could hear juvenile matters, it does not preclude him from trying other matters because all circuit judges have equal authority and

---

[1]Arkansas Code Annotated section 16-13-2803(b)(1) states that "[t]he judgeship created by subdivision (a)(3) of this section shall be the judge of the juvenile division of the chancery court and shall be designated division 2[.]" Effective July 1, 2007, an additional circuit judgeship was created that has jurisdiction in law, equity, probate, and juvenile matters. *See* Ark. Code Ann. § 16-13-2803(f)(1).

5

responsibility.  *See* Ark. Code Ann. § 16-13-2803(b)(2); *Beaumont v. Adkisson*, 267 Ark. 511, 593 S.W.2d 11 (1980).

Therefore, for the foregoing reasons, we hold that Chatmon has not alleged a cognizable claim for habeas relief and has failed to demonstrate probable cause for issuance of the writ. Accordingly, we affirm the circuit court's denial and dismissal of his petition for writ of habeas corpus.

Affirmed.

Special Justice CODY KEES joins.

WOOD, J., not participating.

*Rolandis Chatmon*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.