Cite as 2025 Ark. 19

# SUPREME COURT OF ARKANSAS

**No.** CV–24–213

| | |
|---|---|
| ROLANDIS CHATMON<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** March 13, 2025<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-23-152]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Rolandis Chatmon appeals the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16–112–101 et seq. (Repl. 2016) in Lincoln County, where he is incarcerated. Chatmon alleged in his petition and in his argument on appeal that he is entitled to issuance of the writ because the presiding judge at his trial, Michael Maggio, had not taken the oath of office and did not have authority to conduct his criminal trial.[1] The circuit court found that Chatmon had failed to demonstrate that he was being illegally detained and denied and dismissed the petition. We affirm the circuit court's denial of Chatmon's habeas petition.

---

[1]Chatmon raised the same argument in a pro se fifth petition to reinvest jurisdiction in the circuit court to consider a writ of error coram nobis. This court denied the petition on September 12, 2024.

## I. *Background*

In 2013, a Faulkner County Circuit Court jury found Chatmon guilty of three counts of aggravated robbery and one count of theft of property. He was sentenced as a habitual offender with a firearm enhancement to three life sentences, plus 360 months' imprisonment, to be served consecutively. This court affirmed. *Chatmon v. State*, 2015 Ark. 28, 467 S.W.3d 731. Chatmon subsequently filed two petitions for habeas relief alleging that Judge Maggio did not have the authority to preside over his criminal trial. Chatmon's allegations regarding Judge Maggio's authority were rejected by the circuit court. The denials of those petitions were affirmed by this court. *Chatmon v. Payne*, 2023 Ark. 77, 665 S.W.3d 231; *Chatmon v. Kelley*, 2020 Ark. 155, 598 S.W.3d 34.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *See Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the

2

judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283. If a petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not cognizable in habeas proceedings. *Proctor v. Payne*, 2020 Ark. 142, 598 S.W.3d 17.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Jones v. Payne*, 2021 Ark. 37, 618 S.W.3d 132. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

In the present petition, Chatmon again claims that Judge Maggio did not have the authority to convict him. This time Chatmon claims without sufficient evidence[2] that Judge

---

[2]Chatmon submitted certificates provided by the Arkansas Secretary of State reflecting that Judge Maggio took an oath of office in 2002, 2003, and 2005 to serve on the Arkansas Child Abuse, Rape, and Domestic Violence Commission.

3

Maggio never took the oath of office as circuit judge. Chatmon's allegation fails for two reasons. First, the face of the sentencing order does not reflect whether an oath of office was taken by the circuit judge, and moreover, the claim is not cognizable in habeas proceedings. *See Proctor*, 2020 Ark. 142, 598 S.W.3d 17. Second, even if Judge Maggio had not taken the oath of office, he was duly elected,[3] and he was in possession of the office of circuit judge and performed the duties of a judge with public acquiescence for over ten years; therefore, he is considered a de facto official when his authority is challenged collaterally. *See Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998); *see also Murphy v. Sheppard*, 52 Ark. 356, 358, 12 S.W. 707, 707 (1889) (An official "who fails to take the general oath of office . . . is an officer de facto, and his acts are valid when questioned collaterally."). Here, Chatmon has challenged Judge Maggio's authority to act officially by raising an oath-of-office issue in a collateral matter. Judge Maggio was, at the very least, acting as a de facto circuit judge when Chatmon was tried and convicted in his court, but it is more likely that Judge Maggio had been properly sworn in before Chatmon's trial. Accordingly, the circuit court did not clearly err when it denied and dismissed Chatmon's petition for writ of habeas corpus.

Affirmed.

Special Justices CODY KEES, SHANE HENRY, and DON CURDIE join.

WOOD, HILAND, and BRONNI, JJ., not participating.

*Rolandis Chatmon*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

---

[3]*Chatmon v. State*, 2019 Ark. 112 (noting that Judge Maggio was appointed to serve as circuit judge in the Twentieth Judicial Circuit in 2001 and was subsequently elected as a circuit judge in a different division of that judicial circuit).