2012 Ark. App. 412

**Dakota Logen RU'NNEL, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–996.**

Court of Appeals of Arkansas.

June 27, 2012.

Sharon Kiel, Mary Kathryn Williams, Deputy Public Defenders, for Appellant.

Dustin McDaniel, Atty. Gen., Vada Berger, Asst. Atty. Gen., for Appellee.

ROBERT J. GLADWIN, Judge.

Appellant Dakota Logen Ru'nnel appeals his July 14, 2011 conviction of second-degree sexual assault and sentence of twenty years in the Arkansas Department of Correction. He argues that the trial court did not strictly comply with Arkansas Rules of Criminal Procedure 25.3(b) and 26.1(b)(v) (2011) when it denied his motion to withdraw his guilty plea and motion to reconsider. We affirm because appellant failed to preserve his arguments for appellate review.

The State filed a felony information on November 20, 2009, charging appellant with one count of felony rape, alleging that he had engaged in deviate sexual activity or sexual intercourse with a child less than fourteen years old. Appellant and the State entered into a plea agreement whereby appellant pled guilty to second-degree sexual assault and the State agreed to recommend that appellant be sentenced to six years' probation, 120 days' incarceration in the county jail, and a $750 fine. On February 17, 2011, appellant's counsel announced a negotiated plea in Pulaski County Circuit Court, whereby the trial court accepted the guilty plea. When the State gave the trial court its recommendation for sentencing, the trial court declined to accept the recommended sentence because it provided for probation rather than imprisonment.

After the trial court announced its concerns with the negotiated recommendation, a discussion ensued among counsel for both parties and the trial court regarding continuing the sentencing portion of the hearing. Defense counsel suggested that the victim or her guardian appear at the sentencing hearing. The following colloquy took place:

THE COURT: Well, counsel, there's another way we can do this. The court can set this for another hearing, order a presentencing report and whether the victim is here or not, sentence. The court doesn't have to accept this recommended plea and the defendant can withdraw the guilty plea.

DEFENSE COUNSEL: We don't have the State's—we never had the State's authority or agreement to plea[d] to the

court, so we had a meeting of the minds for a negotiated plea.

THE COURT: I understand.

DEFENSE COUNSEL: And terms and conditions were such that upon counsel, my client was willing to enter it. So I think we would rather continue.

THE COURT: Very well. Let me put it this way. Among the three lawyers involved in this case, you, you, and the court, we're going to come back on the twenty fourth of February....

DEFENSE COUNSEL: Uh-huh.

THE COURT: ... for the purpose of continuing the sentencing hearing. The court will leave it to the two of you on how you want to fashion things between now and then. I think everybody knows the court's concerns.

At the June 15, 2011 sentencing hearing, defense counsel moved to withdraw appellant's guilty plea pursuant to Arkansas Rule of Criminal Procedure 25.3(b).

DEFENSE COUNSEL: Basically, that rule of criminal procedure, Your Honor, says where there's a lack of concurrence by the court with a negotiated plea the parties may have a right to either affirm or withdraw the plea.

And that is what we're doing, Your Honor. We were given that opportunity by the court and at that point—I don't have the date—we said we will not withdraw, but I did not have a chance at that point to have a meaningful conversation with my client and since that point before the presentence report and imposition of sentence was made, the court—as the Rules of Criminal Procedure reveals, the court said it had a difference of opinion with the negotiated plea and what it would consider under this set of circumstances.

And so upon having a more meaningful and reflective discussion with my client and counsel, he decided that he would need to withdraw his plea.

And I, one, for the record would like to say that rule contemplates that counsel find out ahead of time what the court's position is and I failed to do that and appreciate that the court does say make a mistake once, experience; make it twice would be stupid. So I thank this court for giving me the experience because I found myself in the very same position for another client in another court and I am experienced. But that was my mistake, but the Rule of Criminal Procedure, you know, says that's fine, you still have that opportunity and we have that and that's where we are.

And, you know, every client is a life and every case is unique and the writers of this procedure contemplated either way that if it's not going down as negotiated, you may pull the deal almost—almost as a matter of right and that is what we're asking to do at this point.

THE COURT: D[eputy prosecuting attorney]?

DEPUTY PROSECUTING ATTORNEY: Your Honor, just in looking at Rule 26.1, the plea withdrawal, it does say it's discretionary for the court to allow that. So obviously we had entered—as the State, we had entered into an agreement with the defendant contemplating a certain recommendation to the court, which the court has, I believe, indicated it did not wish to accept our recommendation, so it would be discretionary for the court to allow the defendant to withdraw his plea if the court chose to do that.

DEPUTY PROSECUTING ATTORNEY: I was looking at Subsection A, Your Honor.

THE COURT: Yes. The court recalls clearly the history.

According to the Docs Binder, this matter was set for omnibus [o]n January 26 and at the time of the omnibus, it was reset for a report on the seventeenth of February and at that time on the seventeenth of February, the negotiated plea was presented to the court.

The guilty plea had been accepted. The negotiated plea was presented to the court and the court expressed its disinclination—I think you correctly phrased it—disinclination to accept the plea—the sentence set out by the plea negotiations.

At that time, the court in open court offered to the defendant the opportunity to withdraw the guilty plea. The defendant chose not to do so as was his right. So I'm trying to figure out why the court should allow the defendant to withdraw a guilty plea in June when the defendant chose not to do it in February. Help me understand.

After a discussion off the record, the trial court took a recess then ruled on the motion, denying appellant's request to withdraw the guilty plea, citing Arkansas Rule of Criminal Procedure 26.1, and emphasizing that at no time did the trial court indicate its concurrence with the sentence concessions that were the result of the negotiated plea agreement. At the conclusion of the sentencing hearing, the trial court sentenced appellant to twenty years' imprisonment in the Arkansas Department of Correction. Before the entry of judgment, appellant filed a motion for reconsideration, again seeking to withdraw his guilty plea. The motion states in pertinent part as follows:

1. That the Defendant pled guilty to one count of sexual assault in the second degree in February of this year. A presentence report was ordered.

2. At that time, the Court was told the negotiated plea contemplated a sentence of six years probation. The Court informed the parties that it was not inclined to impose a sentence of probation and asked the Defendant if he wanted to withdraw the plea. The Defendant declined.

3. On June 15, 2011, the parties appeared before the Court for sentencing. The Defendant motioned the Court to withdraw his plea. *Bradford v. State*, 351 Ark. 394 [94 S.W.3d 904] (2003). The request was denied.

4. The Defendant hereby renews his request to withdraw his guilty plea for the reasons enumerated at the hearing on June 15, 2011. In addition, the Defendant adopts the testimony of Ken Clark, who testified for the Defendant, in the area of sentencing, in support of this Motion.

The trial court denied the motion. From the judgment and commitment order and the denial of appellant's motion to reconsider, this appeal timely followed.

Arkansas Rule of Criminal Procedure 25.3(b) provides as follows:

If a plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that the charge or charges will be reduced, that other charges will be dismissed, or that sentence concessions will be granted, upon request of the parties *the trial judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate whether he will concur in the proposed disposition.* If, after the judge has indicated his concurrence with a plea agreement and the defendant has

entered a plea of guilty or nolo contendere, but before sentencing, the judge decides that the disposition should not include the charge or sentence concessions contemplated by the agreement, he shall so advise the parties and then in open court call upon the defendant to either affirm or withdraw his plea.

(Emphasis added.) Rule 26.1(a) of the Arkansas Rules of Criminal Procedure provides that "[a] defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right before it has been accepted by the court." The Rule further provides that, if the plea has been accepted, the trial court has the discretion to allow withdrawal of the plea to correct a manifest injustice. Ark. R.Crim. P. 26.1(a). Pursuant to the Rule, appellant must prove that (i) he was denied the effective assistance of counsel; (ii) the plea was not entered or ratified by the defendant or a person authorized to do so in his behalf; (iii) the plea was involuntary, or was entered without knowledge of the nature of the charge or that the sentence imposed could be imposed; (iv) he did not receive the charge or sentence concessions contemplated by a plea agreement and the prosecuting attorney failed to seek or not to oppose the concessions as promised in the plea agreement; or (v) he did not receive the charge or sentence concessions contemplated by a plea agreement *in which the trial court had indicated its concurrence* and the defendant did not affirm the plea after receiving advice that the court had withdrawn its indicated concurrence and after an opportunity to either affirm or withdraw the plea. Ark. R.Crim. P. 26.1(b)(i)-(v) (emphasis added).

■ Appellant contends that the trial court failed to strictly comply with Rule 25.3 because the trial court did not state to appellant's counsel, "Does your client wish to withdraw his plea?" Appellant argues that, instead, the trial court indicated its discomfort with the negotiation and then announced a future sentencing hearing where the trial court could choose to accept or decline the recommendation and the defendant could withdraw the guilty plea. Appellant asserts that compliance with Rule 25.3(b) is mandatory, citing *Bradford v. State,* 351 Ark. 394, 94 S.W.3d 904 (2003), and *Williams v. State,* 272 Ark. 207, 613 S.W.2d 94 (1981).

Appellant also contends that a circuit court's obligations under Rule 26.1(b)(v) are to be strictly construed. Appellant claims that, although the trial court did share its discomfort regarding the recommended sentence and stated a concern that probation would send a signal that the offense was not serious, at no time did the trial court state that it was not accepting the plea.

■ Even though appellant cited Rule 25.3(b) when he initially moved to withdraw his plea, the trial court did not consider that rule when denying the motion to withdraw. Thus, the trial court did not rule on any Rule 25.3(b) claim, which precludes this court's review. *See, e.g., Rutledge v. State,* 345 Ark. 243, 45 S.W.3d 825 (2001). Further, the trial court based its denial on Rule 26.1; however, appellant never raised this rule, relying solely on Rule 25.3(b) in open court and citing no rule in his written motion to reconsider. Although the trial court rejected a Rule 26.1(b)(v) claim, it did not preserve by so ruling an argument that appellant never made. *See Hubbard v. State,* 328 Ark. 658, 946 S.W.2d 663 (1997).

Even had appellant's arguments been preserved, in order to withdraw a guilty plea under both Rule 25.3 and Rule 26.1, the trial court must first withdraw its previous concurrence with a plea agreement. Here, the trial court never concurred with the agreement. Appellant's arguments are

without merit because the contemplated procedure contained in Rule 25.3(b) was not followed. That rule states that "upon request of the parties the trial judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate whether he will concur in the proposed disposition." Because this crucial step was not taken and the trial court accepted appellant's guilty plea before it had knowledge of the sentencing concessions contained within the plea, the trial court did not concur as required under either rule.

Affirmed.

MARTIN, J., agrees.

HART, J., concurs.

HART, J., concurring.

I agree that this case should be affirmed, but I write separately because I believe the issue was preserved for appellate review. I believe the majority has wrongly accepted the State's contention that this case is controlled by *Hubbard v. State,* 328 Ark. 658, 946 S.W.2d 663 (1997). There, the supreme court declined to reach an argument concerning an evidentiary ruling. In *Hubbard,* the State objected to a line of questioning as calling for speculation. The objection was sustained—as seeking inadmissible hearsay—by the trial court after the appellant's trial counsel asserted that it was not speculative because the ₈witness had knowledge obtained by something that someone had told him. Hubbard did not dispute the trial court's characterization of the basis of the witness's knowledge as hearsay. Conversely, in the case at bar, Ru'nnel's argument regarding his desire to withdraw his negotiated plea was argued to the trial court, and I can see no great distinction between the argument made to the trial

court and the argument that Ru'nnel now makes on appeal. In fact, Ru'nnel relies in large part on appeal on the same case, *Bradford v. State,* 351 Ark. 394, 94 S.W.3d 904 (2003), that he cited to the trial court.