Cite as 2020 Ark. 145

# SUPREME COURT OF ARKANSAS

**No.** CV-19-822

| | |
|---|---|
| HARLON FINNEY | **Opinion Delivered** April 16, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| V. | CHICOT COUNTY CIRCUIT |
| | COURT |
| | [NO. 09CV-19-81] |
| WENDY KELLEY, DIRECTOR, | |
| ARKANSAS DEPARTMENT OF | |
| CORRECTION | HONORABLE ROBERT |
| APPELLEE | BYNUM GIBSON, JR., JUDGE |
| | |
| | AFFIRMED. |

**KAREN R. BAKER**, **Associate Justice**

Appellant Harlon Finney appeals from the denial of his pro se petition for writ of

habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016).

Because Finney stated no ground in the petition on which the writ could issue under

Arkansas law, we affirm the circuit court's order.

I. *Background*

In 2014, Finney entered a plea of guilty to second–degree murder and was sentenced

as a habitual offender to a term of 360 months' imprisonment.[1] In 2019, Finney filed the

---

[1]Second-degree murder is a Class A felony. Ark. Code Ann. § 5-10-103(b) (Repl. 2013). A Class A felony was punishable by a term of imprisonment of not less than six years nor more than thirty years. Ark. Code Ann. § 5-4-401(a)(2) (Repl. 2013). However, a Class A felony committed by a defendant with four or more prior felony convictions was punishable by a term of imprisonment of not less than six years nor more than sixty years. Ark. Code Ann. § 5-4-501(b)(2)(B) (Repl. 2013). The thirty-year sentence imposed on

petition for writ of habeas corpus in the county where he is incarcerated, alleging that the writ should issue because the Arkansas Department of Correction (ADC) has miscalculated his parole-eligibility status, and thus the judgment of conviction is void. Finney did not contend that the sentence was illegal or that the circuit court lacked jurisdiction in the case, only that he should be considered eligible for parole.

Finney further asserted that he was unaware when he entered the plea of guilty that his prior conviction for aggravated robbery, a violent felony, would result in his having to serve 100 percent of the 360-month term of imprisonment without being eligible for parole pursuant to Arkansas Code Annotated section 16-93-609(b)(1) (Repl. 2006). The statute provides that any person who commits a violent felony offense or any felony sex offense after August 13, 2001, and who has previously been found guilty of, or pleaded guilty or nolo contendere to, any violent felony offense or any felony sex offense shall not be eligible for release on parole by the parole board. Under Arkansas Code Annotated section 5-4-501, second-degree murder and aggravated robbery are "violent" offenses. Ark. Code Ann. § 5-4-501(d)(2)(A)(ii) & (iv) (Repl. 2013). Finney was convicted of the violent offense of second-degree murder after he was found guilty of aggravated robbery, a violent offense.

---

Finney was within the statutory range. The face of the judgment in Finney's case reflects that he was sentenced under Arkansas Code Annotated section 5-4-501(b). Because Finney had a prior conviction for the violent offense of aggravated robbery, he was not eligible for parole under Arkansas Code Annotated section 16-93-609 (Repl. 2006). Finney asserted that the ADC could not apply section 16-93-609 unless the statute's application was referenced on the face of the judgment. He is wrong, however, because parole-eligibility determinations by the ADC do not constitute an enhancement or a modification of a prison sentence. *Wright v. Kelley*, 2015 Ark. 412 (per curiam).

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

## III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing

the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

IV. *Parole Eligibility*

Finney's parole-eligibility claims are not cognizable in a habeas proceeding. *Watkins v. Kelley*, 2018 Ark. 215, 549 S.W.3d 908. Habeas proceedings do not extend to issues of parole eligibility and are limited to the questions of whether the petitioner is in custody pursuant to a valid judgment of conviction or whether the convicting court had proper jurisdiction. *Id.*; *see also Garrison v. Kelley*, 2018 Ark. 8, 534 S.W.3d 136. Parole eligibility falls clearly within the domain of the executive branch—specifically, the ADC—as fixed by statute. *Johnson v. State*, 2012 Ark. 212. A question regarding parole eligibility is not properly raised in a habeas proceeding because it does not challenge the circuit court's jurisdiction or the facial invalidity of the judgment. *Watkins*, 2018 Ark. 215, 549 S.W.3d 908; *Garrison*, 2018 Ark. 8, 534 S.W.3d 136. Finney did not meet his burden of establishing probable cause by affidavit or other evidence that he is detained without lawful authority.

V. *Challenge to Plea of Guilty*

Allegations of an involuntary or unknowing plea or improper plea procedures do not raise a question of a void or illegal sentence such as may be addressed in a habeas corpus proceeding. When a defendant enters a plea of guilty, the plea is his or her trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984). A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case. *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283. Claims of trial error are not within the purview of a writ of habeas corpus. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 441.

To the extent that Finney intended the allegation that he did not understand his parole-eligibility status when entered his plea as an attack on the validity of the plea or as a claim of ineffective assistance of counsel, the allegation should have been raised in a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014). *Barber v. Kelley*, 2017 Ark. 214. A habeas proceeding is not a substitute for filing a timely petition for postconviction relief or an opportunity to raise the issue again if it has already been considered in a Rule 37.1 proceeding. *See Clay v. Kelley*, 2017 Ark. 294, 528 S.W.3d 836.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I would reverse, grant the writ of habeas corpus, and appoint Finney counsel. Contrary to the conclusion reached by the majority, not only has Finney stated a viable claim, but also, his claim appears to be meritorious. The State is illegitimately refusing to acknowledge Finney's parole eligibility by holding him to a statutory provision that was not part of his plea agreement or confinement order. Moreover, even if that statutory provision were properly applied to Finney's conviction, he would *still* be eligible for parole. As set forth in greater detail below, this court should reverse the circuit court's denial of Finney's habeas corpus petition and remand for further proceedings.

In 2014, Finney entered a plea of guilty to second-degree murder. At that time, Finney had a prior conviction for aggravated robbery. Finney's commitment order for the second-degree murder conviction states that he was sentenced pursuant to Ark. Code Ann.

5

§ 5-4-501(b), which provides for an extended term of imprisonment under certain conditions. Finney's commitment order *does not* state that he was sentenced pursuant to Ark. Code Ann. § 5-4-501(d), which provides for an extended term of imprisonment *and* requires that the term be served without eligibility for parole, except under certain circumstances outlined in Ark. Code Ann. § 16-93-615. Finney's commitment order "checks the box" for Ark. Code Ann. § 5-4-501(b) and leaves unchecked the "box" for Ark. Code Ann. § 5-4-501(d).

However, Finney is being treated as though he was sentenced pursuant to Ark. Code Ann. § 5-4-501(d)—he is being forced to serve 100 percent of his sentence and is being denied any eligibility for parole. This violates Finney's due process rights because he was sentenced as though he would be eligible for parole. A defendant "is entitled to know the effect of his sentence." *Culpepper v. State*, 268 Ark. 263, 267, 595 S.W.2d 220, 222 (1980). Moreover, any sentence "made, rendered, or pronounced by any of the courts of the state against anyone without actual or constructive notice, and all proceedings had under such sentences, shall be absolutely null and void." Ark. Code Ann. § 16-90-103. This circumstance alone satisfies this court's rule that habeas relief is available only to those who can show they are illegally detained through an error on the face of the confinement order or a wholesale lack of jurisdiction by the issuing court, a rule that I have criticized as too narrow. *See, e.g., Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting).

But let us assume for a moment that Finney was properly sentenced pursuant to Ark. Code Ann. § 5-4-501(d), the statutory provision allowing for an extended term of imprisonment that must be served without the possibility of parole, except for the

6

circumstances outlined in Ark. Code Ann. § 16-93-615. The "exceptions" statute, § 16-93-615, provides the answer:

> (b)(1) An inmate under sentence for **one (1) of the following felonies** is **eligible** for discretionary transfer to the Department of Community Correction by the Parole Board after having served **one-third ( ⅓ ) or one-half ( ½ ) of his or her sentence**, with credit for meritorious good time, depending on the seriousness determination made by the Arkansas Sentencing Commission, or one-half ( ½ ) of the time to which his or her sentence is commuted by executive clemency, with credit for meritorious good time:
>
> (A) Unless the offense is listed under § 16-93-612(e)(1), the following offenses:
> . . .
>   (iii) **Murder in the second degree**[.]
> . . .
> (h) An inmate who is sentenced under the provisions of § 5-4-501(c) or § 5-4-501(d) for a serious violent felony or a felony involving violence may be considered **eligible** for parole or for community correction transfer upon reaching regular parole or transfer eligibility, but only **after reaching a minimum age of fifty-five (55) years**.

Ark. Code Ann. § 16-93-615(b)(1)(A)(iii) & (h) (emphasis added). Finney's conviction is for murder in the second degree, and he is over fifty-five years of age. Accordingly, he would be eligible for parole after serving the requisite percentage of his sentence.

However, the majority insists that Finney must serve 100 percent of his sentence without ever being considered for parole. The purported basis of this conclusion is a completely different statute, Ark. Code Ann. § 16-93-609(b)(1), which provides in relevant part as follows:

> Any person who commits a **violent felony** offense or any felony sex offense subsequent to August 13, 2001, **and** who has **previously** been found guilty of or pleaded guilty or nolo contendere to any **violent felony** offense or any felony sex offense shall **not be eligible for release on parole** by the board.

7

This statute provides that a defendant who has a prior violent felony and is then convicted of an additional violent felony is not eligible for parole on the later conviction. However, in Finney's case, § 16-93-609(b)(1) directly conflicts with the provisions in § 16-93-615 cited above. Section 16-93-609(b)(1) contemplates that Finney will never be eligible for parole; section 16-93-615 contemplates that Finney is eligible for parole after reaching the age of fifty-five and serving the requisite percentage of his sentence. The language from each statute is plain and definite; I see no way to reconcile the disparity between them. In this situation, the tie goes to the defendant. *See, e.g.*, *Hales v. State*, 299 Ark. 93, 94, 771 S.W.2d 285, 286 (1989) ("It is well settled that penal statutes are strictly construed with *all doubts resolved in favor of the defendant*[.]") (emphasis added).

Finney has stated a colorable cause of action. We should be remanding to the circuit court for further proceedings.

I dissent.

*Harlon L. Finney*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.