Cite as 2021 Ark. 155

# SUPREME COURT OF ARKANSAS

No. CV-20-525

GARY FULLER/AKBAR

APPELLANT

V.

DEXTER PAYNE, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTION

APPELLEE

Opinion Delivered: September 16, 2021

PRO SE APPEAL FROM THE
LINCOLN COUNTY CIRCUIT
COURT
[NO. 40CV-20-70]

HONORABLE JODI RAINES
DENNIS, JUDGE

AFFIRMED.

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Gary Fuller/Akbar appeals from the dismissal of his pro se petition for writ

of habeas corpus filed in the county where he is incarcerated pursuant to Arkansas Code

Annotated section 16-112-101 (Repl. 2016). Because Fuller/Akbar stated no ground in the

petition on which the writ could issue, we affirm the circuit court's order.

A Pulaski County jury convicted Fuller/Akbar of first-degree murder and sentenced

him to life imprisonment. We affirmed. *Fuller v. State*, 278 Ark. 450, 646 S.W.2d 700

(1983). The conviction arose when Fuller/Akbar murdered Lawrence Goodson, who was

living with Fuller/Akbar's ex-girlfriend at the time. According to testimony adduced at trial,

Fuller/Akbar and some of his friends drove to the home where Goodson was living.

Fuller/Akbar exited the car, taking one of his friend's shotguns, and crept up to the bedroom

window, saw Goodson, and fired several shots. Fuller/Akbar's friends testified that he came

back to the car and told them that he had shot Goodson in the head. Fuller/Akbar was

served with a warrant for murder while being held in jail on an unrelated charge. He was questioned by investigators, advised of his rights, and provided a statement. *Fuller*, 278 Ark. at 451, 646 S.W.2 at 701–02. The jury rendered the verdict of conviction and sentenced Fuller/Akbar to life imprisonment in April 1982. The judgment was entered "now for then" in August 1982. Fuller/Akbar subsequently filed a Rule 37.1 petition in this court asking for leave to file the petition in the trial court based on allegations of ineffective assistance of counsel. The petition was denied. *Fuller v. State*, CR 82-140, slip op. at 2 (Ark. Feb. 11, 1985) (unpublished).

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016); *Foreman*, 2019 Ark. 108, 571 S.W.3d 484. Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's

inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Fuller/Akbar's claims for habeas relief are difficult to decipher and appear to be based on allegations challenging the validity of the statute pertaining to the offense of first-degree murder, the arrest warrant, the information, and the entry of the judgment of conviction. In his first claim for relief, Fuller/Akbar cites *Ricarte v. State*, 290 Ark. 100, 717 S.W.2d 488 (1986), and contends that the trial court lacked jurisdiction because he was charged under a statute that was adopted during an invalid session of the legislature that took place in 1976. According to Fuller/Akbar, the statute underlying his conviction for first-degree murder—Arkansas Statutes Annotated section 41-1502 (Repl. 1977)—was enacted during this 1976 legislative session. Fuller/Akbar offers no evidence that the first-degree-murder statute, section 41-1502, was invalidly enacted in the 1976 extended legislative session. Instead, section 41-1502 was enacted in 1975. *See* 1975 Ark. Acts 280.

A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145. In addition, a circuit court has personal jurisdiction over offenses committed within the county over which it presides. *Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544. Fuller/Akbar's claim that the trial court lacked subject-matter jurisdiction fails in that the trial court had both subject-matter and personal jurisdiction to convict Fuller/Akbar of first-degree murder as defined by Arkansas Statutes Annotated section 41-1502 and committed in Pulaski County. Fuller/Akbar's argument that the court lacked personal jurisdiction because an arrest warrant was never issued or served is belied by the record that includes a docket report reflecting that an arrest warrant had been served and returned.

Fuller/Akbar also contends that the judgment in his case is void because he was not present when it was entered, and he also contends that the judgment was entered after the term of conviction had ended and is therefore void. Fuller/Akbar does not allege that he was not present when the jury announced its verdict, and he cites no authority for the proposition that a defendant must be present when the judgment reflecting a jury's verdict is entered. Furthermore, Fuller/Akbar cites *Holden v. State*, 156 Ark. 521, 247 S.W. 768 (1923), and contends that the judgment entered in August 1982 is void because it was entered following the close of the judicial term in which he was convicted. However, a court has authority at any subsequent term to correct its record by entering a nunc pro tunc judgment that was rendered during a former term. It is well settled in Arkansas that a court of record has the authority to enter nunc pro tunc judgments to cause the record to speak the truth, whether in criminal or civil cases. *See Lovett v. State*, 267 Ark. 912, 591 S.W.2d

4

683 (1979); *McPherson v. State*, 187 Ark. 872, 63 S.W.2d 282 (1933); *Richardson v. State*, 169 Ark. 167, 273 S.W. 367 (1925). Here, the circuit court entered the judgment nunc pro tunc, or "now for then," which truthfully set forth the verdict and sentence announced by the jury at the close of trial in April 1982. Thus, the court had authority to enter the judgment of conviction.

Fuller/Akbar's remaining claims appear to challenge the judgment of conviction on the bases of a defective arrest warrant and an inadequate information in that Fuller/Akbar was not provided sufficient notice of the charges filed against him. An allegation of a defective information that does not implicate the legality of the sentence is not a jurisdictional issue and is treated as trial error. *Rabion v. Kelley*, 2020 Ark. 375 (citing *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503). Moreover, allegations that a petitioner did not have sufficient notice of the nature of the charges against him are unavailing when the record confirms that the petitioner was arraigned, represented by counsel, and tried by a jury. *Id.* Here, the record demonstrates that Fuller/Akbar was arraigned in September 1981 and pleaded not guilty, was appointed counsel, and was tried by a jury.

Affirmed.

*Gary Fuller/Akbar*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.