Cite as 2022 Ark. App. 161

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-20-645

| | |
|---|---|
| ALVIN AIKENS<br><br><br>                      APPELLANT<br><br>V.<br><br><br><br>STATE OF ARKANSAS<br>                      APPELLEE | Opinion Delivered April 13, 2022<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br><br>[NOS. 60CR-10-300, 60CR-11-1407, 60CR-11-1807, 60CR-11-1087, 60CR-12-232, 60CR-13-1339, 60CR-13-2710, 60CR-14-1353, and 60CR-11-1249]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br>AFFIRMED IN PART; DISMISSED IN PART |

**N. MARK KLAPPENBACH, Judge**

Appellant Alvin Aikens appeals the denial of his motions to withdraw his guilty pleas. We affirm in part and dismiss in part.

Appellant was charged with numerous felonies and misdemeanors in nine cases. At an omnibus hearing in February 2015, Aikens rejected a plea offer extended by the State that would have closed all the cases. In March 2015, appellant appeared before the circuit court, told the court he understood each of the charges and the penalty ranges, and agreed that he had read, understood, initialed, and signed each plea agreement. Each plea statement that Aikens initialed and signed set out the offenses for which he was charged;

explained the range of punishment available for each offense; indicated whether it was a misdemeanor or felony offense; confirmed that he understood the range of possible punishments; confirmed his understanding that pleading guilty would waive his right to a trial and appeal; recited that he had discussed his case fully with counsel and was satisfied with counsel's services; and affirmatively stated that he had not been induced to plead guilty through any force, threat, or promise other than the agreement. Each plea agreement recited that Aikens understood that "the Judge is not required to carry out any understanding between you, your attorney, and the prosecuting attorney, and that the power of sentencing is with the Court only[.]" Each plea agreement recited that no one had made any promises regarding parole eligibility, earning of meritorious good time, early release, or anything of that nature in order to obtain his guilty plea. The substance of the charges was read aloud in court, appellant pleaded guilty in open court, and the pleas were accepted by the circuit court.[1]

In May 2015 at the sentencing hearing, the State asked that the court follow the presentence recommendation of forty years in prison. Defense counsel asked for a more "reasonable and fair" sentence "in the range of twenty years or so" to show some leniency.

---

[1]The charges to which Aikens pleaded guilty included simultaneous possession of drugs and firearms, possession of a controlled substance, theft by receiving, attempted residential burglary, three counts of fleeing, aggravated assault on a correctional employee, two counts of first-degree terroristic threatening, residential burglary, five counts of aggravated robbery, one statutory enhancement related to aggravated robbery, five counts of theft of property, and second-degree battery. The State dismissed several other charges and dismissed a pending revocation petition in another case.

Aikens himself apologized to the court, expressed remorse for his mistakes, and asked the court to "have leniency on me." The circuit court entered sentences on each crime to which Aikens pleaded guilty, resulting in a thirty-year prison sentence to be followed by a ten-year statutory enhancement for having used a firearm in one of the crimes. Aikens told the circuit court that his attorney had explained to him that the statutorily required ten-year enhancement would follow the thirty-year prison term. The circuit court asked if Aikens had any questions, and Aikens asked if he would have to serve 70 percent of the ten-year enhancement. The circuit court told Aikens that it would be up to the prison officials to determine when he would become eligible for parole. The sentencing hearing concluded.

In late May 2015, before the sentencing orders were filed of record, Aikens filed identical motions to withdraw his guilty pleas in every case except 60CR-11-1087.[2] Aikens cited Arkansas Rule of Criminal Procedure 26.1(b)(i) and (iii), contending that he was provided ineffective assistance of counsel, that he entered the guilty pleas without knowledge of the charges, and that his counsel misled him into accepting the guilty pleas by telling him that he would not be sentenced to serve more than twenty years of imprisonment. The circuit court denied appellant's motions, and this appeal followed.[3]

---

[2]In 60CR-11-1087, Aikens was charged with and pleaded guilty to felony theft by receiving, felony attempted residential burglary, and misdemeanor fleeing. The concurrent sentences imposed for these three crimes rendered this an effective five-year prison sentence in 60CR-11-1087. Aikens did not file a motion to withdraw his guilty plea in this case.

[3]This appeal returns to us after we remanded to have the appellate record include appellant's written plea statements, which had been repeatedly referenced during the hearing

Arkansas Rule of Criminal Procedure 26.1 governs plea withdrawal, and the relevant portions read as follows:

> (a) A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right before it has been accepted by the court. A defendant may not withdraw his or her plea of guilty or nolo contendere as a matter of right after it has been accepted by the court; however, before entry of judgment, the court in its discretion may allow the defendant to withdraw his or her plea to correct a manifest injustice if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his or her motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea. A plea of guilty or nolo contendere may not be withdrawn under this rule after entry of judgment.

> (b) Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that:

> (i) he or she was denied the effective assistance of counsel;

> . . . .

> (iii) the plea was involuntary, or was entered without knowledge of the nature of the charge or that the sentence imposed could be imposed[.]

When a motion to withdraw a plea of guilty or nolo contendere is filed after a circuit court's acceptance of the plea but before the entry of judgment, as was done here, the circuit court has the discretion to grant the motion to correct a manifest injustice. Ark. R. Crim. P. 26.1(a). Claims of ineffective assistance of counsel made pursuant to Rule 26.1 are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984).

---

at which he entered guilty pleas. Those plea statements were also referenced by the circuit court in considering appellant's motions to withdraw his guilty pleas.

Under this test, the defendant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Martin v. State*, 2015 Ark. 147, 460 S.W.3d 289. To satisfy the second requirement of demonstrating prejudice, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *Id.* A guilty plea "not only must be voluntary," but it must also be a knowing, intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). However, the accused need only be informed of the "direct consequences" of the guilty plea. *Id.* It is not necessary to inform the defendant of all the indirect or collateral consequences of the plea. *Martin, supra*.

In the instant case, Aikens has failed to demonstrate that the withdrawal of his plea is necessary to avoid a manifest injustice. Nowhere in his petition did Aikens state that he would have insisted on going to trial had his counsel adequately and accurately informed him of the consequences of his plea. Appellant's lone assertion was that his counsel misled him or "bribed" him into pleading guilty by telling him that the judge would not sentence him to more than twenty years. His written plea statements directly contradict any such alleged misleading information. The plea statements, which appellant initialed and signed, specifically provide that "the Judge is not required to carry out any understanding between you, your attorney, and the prosecuting attorney, and that the power of sentencing is with the Court only[.]" Appellant affirmed this understanding in open court. We conclude that

the circuit court did not abuse its discretion in denying appellant's motions to withdraw his guilty pleas.

Second, Aikens argues that this appeal must be reversed and remanded so that he can be provided an evidentiary hearing on his motions to withdraw his guilty pleas. "A hearing on a motion to withdraw a plea of guilty or nolo contendere is limited to those instances in which the defendant's motion raises substantial issues of law or fact and should be denied when the files and the records conclusively show that the defendant is entitled to no relief." *Green v. State*, 362 Ark. 459, 467, 209 S.W.3d 339, 343 (2005). Nowhere in Aikens's motion did he ask for a hearing on his motion to withdraw his guilty pleas. This is an argument raised for the first time on appeal and is thus not preserved for appellate review. *Ru'nnel v. State*, 2012 Ark. App. 412, 421 S.W.3d 324. The circuit court did not abuse its discretion by denying appellant's motions to withdraw his guilty pleas, nor did it err in not providing an evidentiary hearing.

Last, we dismiss appellant's appeal with respect to 60CR-11-1087. Appellant did not file a motion to withdraw his guilty plea in that case, and there is no order denying him any relief in that case. Lacking any basis on which to appeal, we dismiss the appeal as to 60CR-11-1087.

Affirmed in part; dismissed in part.

GLADWIN and BROWN, JJ., agree.

*Craig Lambert*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

6