Cite as 2023 Ark. 84

# SUPREME COURT OF ARKANSAS
No. CV-22-664

| | |
|---|---|
| CHARLES LIVINGSTON APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION APPELLEE | **Opinion Delivered:** May 11, 2023<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-22-429]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Charles Livingston appeals the dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in Jefferson County, which is the county where he is incarcerated. Livingston alleged that his sentence of probation and the subsequent revocation of his probation were illegal. The circuit court found that both sentencing orders were facially legal and denied and dismissed the petition. We affirm.

## I. *Background*

Livingston was originally charged as a habitual offender with rape. In exchange for a plea of nolo contendere, the charge of rape was reduced to second-degree sexual assault, and he was convicted as a nonhabitual offender. Accordingly, he was sentenced to sixty months' probation by a sentencing order entered in May 2017. In December 2019, a second

sentencing order was entered reflecting that the trial court had revoked Livingston's probation and sentenced him to a term of 120 months' imprisonment.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283. If a petitioner does not show that, on the face of the

commitment order, there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one that is cognizable in a habeas proceeding. *Proctor v. Payne*, 2020 Ark. 142, 598 S.W.3d 17.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

Livingston alleged in the petition filed in the circuit court that the original sentencing order was illegal because he had been charged as a habitual offender and was not entitled to probation pursuant to Arkansas Code Annotated section 5-4-301(a) (Repl. 2013). *See State v. O'Quinn*, 2013 Ark. 219, 427 S.W.3d 668. Livingston further contended that because the original sentencing order was illegal, so too was the subsequent order that revoked his probation and imposed a term of imprisonment that increased his sentence from sixty to 120 months. Livingston raises the same allegations in his argument on appeal. However, he also contends for the first time in his appellate argument that his plea was not voluntary. This court will not consider arguments that are raised for the first time on appeal. *Braud v. State*, 2022 Ark. 169.

Livingston's claim that the trial court lacked jurisdiction to enter the two sentencing orders is unavailing. The face of the 2017 sentencing order reflects that Livingston was convicted of second-degree sexual assault, a Class B felony, and that he was not convicted as an habitual offender. The sentence of sixty months' probation was legal for a Class B felony. Pursuant to Arkansas Code Annotated section 5-4-401(3) (Repl. 2013), a sentence for a Class B felony shall be not less than five years' nor more than twenty years' imprisonment. Moreover, while probation is not authorized for Class Y felonies, there is no provision prohibiting probation for a defendant convicted of a Class B felony. *See* Ark. Code Ann. § 5-4-301(a) (Repl. 2013). Therefore, the sentence of sixty months' probation was within the statutory parameters for a Class B felony conviction and was legal. Moreover, Livingston's contention that the trial court lacked jurisdiction to sentence him as a nonhabitual offender is also unavailing. The prosecutor has the discretion to file charges and the discretion to ask the court to dismiss charges, and the trial court has the discretion to grant or deny a motion to dismiss charges. *Smith v. Simes*, 2013 Ark. 477, 430 S.W.3d 690; *see also Willingham v. State*, 2021 Ark. 177, 631 S.W.3d 558 (remanding to the trial court to correct sentencing order to reflect that the prosecutor had dismissed the habitual-offender charge as part of plea agreement).

Finally, as set forth above, the imposition of a term of 120 months' imprisonment upon revocation of Livingston's probation was also within the statutory maximum for second-degree sexual assault, and the trial court had the authority to increase the sentence. *See* Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2013) (stating in pertinent part that if a

court revokes probation, the court may impose a sentence on the defendant that might have been imposed originally for the offense).

Livingston's allegations regarding the charging documents and his guilty plea would have required the circuit court to go behind the face of the judgment to examine the circumstances surrounding the plea agreement and the dismissal of the original charges. Proceedings for habeas relief are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the sentencing order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. The circuit court did not abuse its discretion when it denied and dismissed Livingston's petition for the writ.

Affirmed.

*Charles Livingston*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.