Cite as 2024 Ark. 15

# SUPREME COURT OF ARKANSAS

No. CV-22-684

| | |
|---|---|
| JASON FARMER | **Opinion Delivered:** February 8, 2024 |
| APPELLANT | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT |
| V. | [NO. 30CV-22-161] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| APPELLEE | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Jason Farmer appeals from the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in Hot Spring County, where he is incarcerated. In his petition, Farmer alleged ineffective assistance of both trial and appellate counsel and prosecutorial, juror, and judicial misconduct. The circuit court denied and dismissed the petition because it failed to raise cognizable grounds for habeas relief. On appeal, Farmer alleges that the court did not have jurisdiction to issue the order because of the failure to first issue an order on his in forma pauperis petition. We affirm.

Farmer was convicted by a Benton County jury of aggravated robbery, aggravated residential burglary, terroristic threatening, and domestic battery in the third degree and was sentenced to an aggregate term of twenty-two years' or 264 months' imprisonment. The

Arkansas Court of Appeals affirmed the convictions and sentence. *Farmer v. State*, 2019 Ark. App. 148, 571 S.W.3d 78.

As stated above, Farmer argues that the circuit court lacked jurisdiction to enter the order that denied his petition due to the court's failure to enter an order addressing his petition to proceed in forma pauperis in accordance with Rule 72 of the Arkansas Rules of Civil Procedure. Farmer relies on this court's holding in *Ward v. Hutchinson*, 2018 Ark. 270, 555 S.W.3d 866, for the proposition that when a fee is not paid or otherwise waived under Rule 72, and a complaint is not filed, the circuit court has no jurisdiction to issue an order in the matter. Farmer's reliance on *Ward* is misplaced. *Ward* addressed a civil-rights complaint, not a postconviction petition, and the complaint was not file-marked or entered on the docket. *See id*. at 4, 555 S.W.3d at 868. Here, Farmer's petition was file-marked and entered on the docket in accordance with our directive to circuit courts to file-mark postconviction petitions submitted by indigent inmates to preserve the inmate's constitutional right to appeal any adverse ruling regardless of payment of a fee or pauper status. *See Dunahue v. Dennis*, 2016 Ark. 285 (per curiam); *Penn v. Gallagher*, 2015 Ark. 472 (per curiam); *Penn v. Gallagher*, 2015 Ark. 354 (per curiam). Because the petition was properly filed and placed on the docket, the circuit court had jurisdiction to determine whether Farmer had stated a colorable cause of action.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id*. When the circuit court has personal jurisdiction over the

2

appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366. Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* To the extent that the circuit court's order is one that addresses Farmer's entitlement to proceed as a pauper, the standard of review is abuse of discretion. *Randle v. State*, 2022 Ark. 116, 644 S.W.3d 413. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Id.*

Here, the circuit court did not clearly err or abuse its discretion when it determined that Farmer had failed to state a claim for habeas relief. Farmer did not challenge the jurisdiction of the trial court nor did Farmer claim that his sentence exceeded the maximum

3

penalty for his convictions.  Instead, Farmer's claims go beyond the face of the judgment and are therefore not cognizable in habeas proceedings.  *Fuller/Akbar*, 2021 Ark. 155, 628 S.W.3d 366.

Affirmed.

Webb, J., concurs without opinion.

*Jason Farmer*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.