Cite as 2025 Ark. 18

# SUPREME COURT OF ARKANSAS
No. CV–24–312

| | |
|---|---|
| ALVIN DEJUAN AIKENS<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** March 13, 2025<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT; MOTION FOR EVIDENTIARY HEARING; MOTION TO SUBMIT EXHIBITS; MOTION TO IMMEDIATELY BRING APPELLANT TO COURT [NO. 35CV-23-922]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED; MOTIONS MOOT. |

**KAREN R. BAKER, Chief Justice**

Appellant Alvin Dejuan Aikens appeals the denial and dismissal of his pro se amended petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). The petition was filed in Jefferson County, which is the county where Aikens is incarcerated. Aikens alleged in the habeas petition that his plea agreements were breached because he agreed to a sentence of twenty-five years' imprisonment, with five years suspended, and instead was sentenced by the circuit court to forty years' imprisonment. Aikens also alleged that his sentencing orders were facially illegal because the trial judge did not sign the orders. The circuit court denied and dismissed the petition because Aikens failed to state a claim that he was illegally detained. We affirm, which renders moot Aikens's motions for an evidentiary hearing, to submit exhibits at that hearing,

and to immediately bring appellant to court to be examined, committed, bailed or discharged under section 16-112-123.

## I. *Background*

Aikens was charged with numerous felony counts, including multiple counts of aggravated robbery and theft of property committed in 2011 and 2013. On March 15, 2015, Aikens appeared before the circuit court and pleaded guilty to each felony count. *See Aikens v. State*, 2022 Ark. App. 161. In May 2015, the circuit court held a sentencing hearing and sentenced Aikens for all felony charges to an aggregate sentence of thirty years' imprisonment followed by a ten-year statutory enhancement for having used a firearm in the commission of one of the aggravated robberies. *Id.* Before the sentencing orders were filed of record, Aikens filed identical motions to withdraw his guilty pleas in all but one of his cases, contending that he was provided ineffective assistance of counsel, that he entered the guilty pleas without knowledge of the charges, and that his counsel misled him into accepting the guilty pleas by telling him that he would not be sentenced to serve more than twenty years of imprisonment. The motions were denied by the circuit court and affirmed on appeal. *Id.*

In his habeas petition filed in the circuit court and in his arguments on appeal, Aikens challenges the sentencing orders in cases 60CR-12-232 and 60CR-13-1339 wherein he was charged with multiple counts of aggravated robbery and theft of property.[1] In his habeas

---

[1]Aikens was charged for additional felonies under separate docket numbers. Those charges included simultaneous possession of drugs and firearms, possession of a controlled substance, theft by receiving, attempted residential burglary, three counts of fleeing, aggravated assault on a correctional employee, two counts of first-degree terroristic

petition, Aikens does not challenge other sentencing orders connected to separate case numbers.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can

threatening, residential burglary, and second-degree battery. *See Aikens*, 2022 Ark. App. 161, at 2 n.1.

3

show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.*

## III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## IV. *Claims for Relief*

Here, Aikens's primary argument on appeal is that the sentence is facially illegal because the sentencing order was not signed. However, Aikens also argues that his sentence is invalid because his plea agreements were breached. Examining the circumstances surrounding a plea agreement is not cognizable in habeas proceedings because it requires a review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the sentencing order. *Livingston v. Payne*, 2023 Ark. 84, 665 S.W.3d 227. In any event, the court of appeals found that Aikens's written plea statements directly contradicted his allegations that he was given misleading information regarding sentencing because the plea agreements specifically informed Aikens that the trial court was not required to carry out any understanding between Aikens, defense counsel, and the prosecutor. *Aikens*, 2022 Ark. App. 161.

Aikens's allegation that the sentencing order is facially illegal because it was not signed by the trial judge is also without merit. The record from Aikens's direct appeal[2] challenging the denial of his motion to withdraw his guilty plea demonstrates that the orders were electronically signed by the trial judge. *See Harmon v. State*, 2023 Ark. 120, 673 S.W.3d 797 (recognizing the validity of an electronically signed order); *see also* Ark. Sup. Ct. Admin. Order No. 21. Accordingly, the circuit court did not clearly err when it denied and dismissed Aikens's petition for writ of habeas corpus.

Affirmed; motions moot.

Special Justice BARBARA HALSEY joins.

BRONNI, J., not participating.

*Alvin Dejuan Aikens*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.